IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIM OSICKA,

            Plaintiff-Appellant,

v.

OFFICE OF LAWYER REGULATION,

            Defendant-Appellee.

OPINION and ORDER

20-cv-478-jdp

---

This bankruptcy appeal presents a question of statutory interpretation: whether the costs of prosecution imposed in an attorney discipline matter are dischargeable debt or a non-dischargeable penalty under 11 U.S.C. § 523(a)(7).

In 2009, the Wisconsin Supreme Court disciplined plaintiff Tim Osicka, a Wisconsin lawyer, with a public reprimand. Osicka had willfully failed to respond to a client's request for information and failed to cooperate with the investigation of defendant Office of Lawyer Regulation (OLR), the entity responsible for prosecuting attorney discipline cases. The court also ordered Osicka to pay OLR the costs of prosecuting him, totaling $12,500.64. But Osicka didn't pay those costs. Instead, he closed his law practice, filed a Chapter 7 bankruptcy petition, and received a general discharge.

Osicka is now trying to reinstate his law license. But OLR says that he still owes the costs from the disciplinary proceedings, so he filed an adversary proceeding in bankruptcy court. The bankruptcy court held that the costs assessed against Osicka weren't dischargeable, relying on 11 U.S.C. § 523(a)(7), which makes non-dischargeable certain government fines and penalties that are "not compensation for actual pecuniary loss." The bankruptcy court issued a final order in Osicka's adversary proceeding, so this court has jurisdiction to decide the appeal

under 28 U.S.C. § 158(a)(1). *See Fifth Third Bank v. Edgar Cnty. Bank & Trust*, 482 F.3d 904, 905 (7th Cir. 2007) ("A final resolution of any adversary proceeding is appealable, as it is equivalent to a stand-alone lawsuit.").

The court will affirm the bankruptcy court's decision. Osicka offers one reasonable interpretation of language of § 523(a)(7), but his position is inconsistent with Seventh Circuit precedent and numerous cases in which courts have held that costs imposed in attorney-discipline proceedings may not be discharged.

ANALYSIS

Most debts are dischargeable in bankruptcy, *see Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir. 1994), but 11 U.S.C. § 523(a) provides several exceptions to dischargeability, including debts for fraud, domestic support, and student loans. At issue in this appeal is § 523(a)(7), which provides that a debt is not dischargeable

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
>
> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
>
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

The tax penalty exceptions aren't pertinent to this case. The question here is whether the costs imposed by the Wisconsin Supreme Court against Osicka are "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and []not compensation for actual pecuniary loss." Statutory interpretation is a question of law, which the court reviews de novo. *In re Brooks*, 784 F.3d 380, 383 (7th Cir. 2015).

No one disputes that the OLR costs were for the benefit of a governmental unit. ORL contends, and the bankruptcy court held, that the costs are a penalty. Osicka says that the costs are compensation for the OLR's actual pecuniary loss.

The court begins by looking at the legal basis for imposing OLR costs on Osicka. The supreme court assessed costs under SCR 22.24, which states in relevant part:

> The supreme court may assess against the respondent all or a portion of the costs of a disciplinary proceeding in which misconduct is found, . . . and may enter a judgment for costs. . . . The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In some cases the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. In exercising its discretion regarding the assessment of costs, the court will consider the statement of costs, any objection and reply, the recommendation of the referee, and all of the following factors:
>
> (a) The number of counts charged, contested, and proven.
>
> (b) The nature of the misconduct.
>
> (c) The level of discipline sought by the parties and recommended by the referee.
>
> (d) The respondent's cooperation with the disciplinary process.
>
> (e) Prior discipline, if any.
>
> (f) Other relevant circumstances.

In this case, the court ordered Osicka to pay OLR "the full costs of this disciplinary proceeding," with the exception of costs related to a motion for "reconsideration/clarification" that OLR filed. Dkt. 3, at 78.

Osicka has filed two fulsome appellate briefs, but his argument for why the costs at issue don't fall within § 523(a)(7) can be stated succinctly. Specifically, he says that the costs are "compensation for actual pecuniary loss" and not "a fine, penalty, or forfeiture" because the

3

amount assessed against him was "the exact amount [OLR] expended in prosecuting Osicka, nothing more, nothing less." *Id.*, at 12. Based on the plain language of § 523(a)(7), Osicka says that it is "beyond debate" that the assessed costs compensated OLR for its actual loss. *Id.*

Osicka's argument has some support in the text of the statute. If a party is ordered to pay the amount of another party's expenses, one might view the payment as "compensation for actual pecuniary loss." But that's not the only reasonable view of the statutory language. The term "actual pecuniary loss" would more clearly apply to the pecuniary loss of the victim of the underlying misconduct leading to the "fine, penalty, or forfeiture." That victim could, in some cases, be a governmental entity, which is why § 523(a)(7) would distinguish between a penalty and actual pecuniary loss. The costs of prosecuting a wrongful action do not clearly fall into the "actual pecuniary loss" category. In Osicka's case, the costs of prosecution seem more like a penalty, because the factors the court considers under SCR 22.24 in deciding to impose those costs all relate to the attorney's culpability and his acceptance of it.

Osicka's biggest problem is that his interpretation of § 523(a)(7) cannot be squared with the weight of judicial authority, including from the Court of Appeals for the Seventh Circuit. The court of appeals hasn't addressed in a published opinion whether costs imposed in attorney discipline proceedings are dischargeable under § 523(a)(7), but it has decided whether costs awarded in a Wisconsin criminal prosecution are dischargeable.

In *Matter of Zarzynski,* 771 F.2d 304, 305 (7th Cir. 1985), the debtor made the same argument that Osicka does in this case, which is that the costs assessed were "compensation for actual loss" because they were limited to the county's actual costs of prosecuting the debtor. In a brief opinion, the court rejected that view:

> In our view what a county expends in a criminal prosecution in the fulfillment of its statutory police power responsibilities is not

4

> "an actual pecuniary loss" to the county. It is, of course, an expenditure by the government, part of the expense of governing, but the county did not undertake the expense expecting to create a debtor-creditor relationship. In this case, the county did its duty to protect the public by convicting and punishing a law violator. There is no county pecuniary loss when the county functions as it should in the furtherance of its public responsibilities.
>
> Nor does the fact that the costs are based on what the county expended in the criminal trial convert the costs into "compensation for actual pecuniary loss." The costs can be viewed a part of the penalty even though it is a penalty measured by the extent of certain county expenditures for the trial. As the Second Circuit once said, "bankrupts who have violated laws passed for the public good cannot escape punishment by going into bankruptcy." *In re Abramson*, 210 Fed. 878, 880 (2d Cir.1914).

*Id.* at 306.

Osicka makes two points in response to *Zarynski*. First, he says that its "analysis seems flawed" and is based on a "construction [that] tortures the law Congress passed." Dkt. 3, at 23. But if Osicka believes that *Zarynski* was wrongly decided, that is an issue he will have to raise with the court of appeals. This court has no authority to disregard it.

Second, Osicka says that costs awarded in a criminal case are different from costs awarded in attorney-discipline proceedings. But the court isn't persuaded that any differences are material. In concluding that § 523(a)(7) applied, the court of appeals made two points about the assessment of costs in a criminal case: (1) it is based on the state's police power rather an attempt to create a debtor-creditor relationship; (2) it is part of the penalty for the debtor's offence. This reasoning is equally applicable to costs assessed in attorney discipline proceedings.

Even if *Zarynski* isn't directly on point, there are numerous other cases in which courts have held that costs assessed for attorney disciplinary are covered by § 523(a)(7), including

decisions from three federal courts of appeal and five bankruptcy courts in this circuit.[1] These cases largely track the reasoning of *Zarynski*: the purpose of attorney discipline proceedings is to protect the public, not to create a debtor-creditor relationship, and costs are more appropriately viewed as part of the penalty rather than compensation for a loss. This reasoning applies to SCR 22.24 as well, which permits assessment of costs in a disciplinary proceeding only when the supreme court finds that the attorney engaged in misconduct.

Some of the decisions consider it pertinent when the award of costs is discretionary, as it is under SCR 22.24. *See, e.g.*, *Feingold,* 730 F.3d at 1273; *Richmond*, 542 F.3d at 919. The purpose of SCR 22.24 is not merely compensatory, because it allows for consideration of factors related to the attorney's culpability and his acceptance of it, not OLR's need to be reimbursed. Osicka says that the supreme court's decision in his case doesn't discuss the culpability factors, but that doesn't change the purpose of the rule.

To counter the myriad decisions against his position, Osicka cites only one in his favor, *In re Taggart*, 249 F.3d 987 (9th Cir. 2001). But that decision was legislatively overruled, as noted in *In re Findley*, 593 F.3d 1048, 1054 (9th Cir. 2010). Osicka doesn't cite any cases that remain good law.

---

[1] *See, e.g., In re Feingold*, 730 F.3d 1268, 1273 (11th Cir. 2013); *In re Findley*, 593 F.3d 1048, 1054 (9th Cir. 2010); *Richmond v. New Hampshire Supreme Court Committee on Professional Conduct*, 542 F.3d 913, 920–21 (1st Cir. 2008); *In re Netzer*, 545 B.R. 254 (Bankr. W.D. Wis. 2016); *Mitchell v. Supreme Ct. of Ohio*, No. 14CV924, 2015 WL 1530626, at *4 (N.D. Ohio Apr. 6, 2015); *In re Smith*, 317 B.R. 302, 313 (Bankr. D. Md. 2004); *In re Bertsch*, 261 B.R. 436, 438–39 (Bankr. S.D. Ohio 2000); *In re Carlson*, 202 B.R. 946, 951 (Bankr. N.D. Ill. 1996); *In re Doerr*, 185 B.R. 533, 537 (Bankr. W.D. Mich.1995); *In re Cillo*, 159 B.R. 340, 343 (Bankr. M.D. Fla. 1993); *In re Williams*, 158 B.R. 488, 491 (Bankr. D. Idaho 1993); *In re Lewis*, 151 B.R. 200, 203 (Bankr. C.D. Ill. 1992); *In re Betts*, 149 B.R. 891, 896 (Bankr. N.D. Ill. 1993); *In re Haberman*, 137 B.R. 292, 295–96 (Bankr. E.D. Wis. 1992).

In light of *Zarynski* and the numerous cases that have extended its logic to attorney discipline cases, the court concludes that § 523(a)(7) applies, and that the assessment of costs is a non-dischargeable penalty.

ORDER

IT IS ORDERED that the decision of the bankruptcy court is AFFIRMED. The clerk of court is directed to enter judgment and close this case.

Entered March 24, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge